# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JEROME ISREAL, | No. 2:19-CV-1011-WBS-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| THOMAS A. FERRARA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff has named two Defendants: (1) Thomas A. Ferrara and (2) Carlos Gutierrez. Carlos Gutierrez is the Superior Court Judge that presided over the pre-trial appearances at issue. Plaintiff alleges he is a 61-year-old man with osteoarthrosis in his neck, spine, and knees, who requires a cane to walk or wheelchair when a cane is unavailable. Plaintiff alleges he is legally blind and has neural bilateral hearing loss. Despite Plaintiff's disabilities and health issues, Plaintiff alleges Defendant Ferrara continually and improperly used hand-manacles, waist chains, and ankle chains, without cause, during all of Plaintiff's pretrial court appearances. Plaintiff asserts in his circumstance, based on his age and physical impairments, this was a violation of his Eighth Amendment rights. Plaintiff alleges he was placed in these restraints "for hours" aggravating his ailments and causing him harm.

///

///

///

## II. ANALYSIS

Superior court judges are immune from suit. See Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir 2003) (stating lawsuits against superior courts are barred by Eleventh Amendment); see also In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (stating absolute judicial immunity is afforded to judges for acts performed relating to judicial process even when it is alleged action was driven by malicious or corrupt motive). Here, Plaintiff has named Superior Court Judge Carlos Gutierrez as a defendant. Because Carlos Gutierrez is a superior court judge he is immune from suit and thus any claims against him must be dismissed.

## III. CONCLUSION

Based on the foregoing the undersigned recommends Plaintiff's claim against Carlos Gutierrez be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 16, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE