IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JEROME ISREAL,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS A. FERRARA,<br><br>  Defendant. | No.  2:19-CV-1011-WBS-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defendant's unopposed motion to dismiss. See ECF No. 17.

///
///
///
///
///
///
///
///
///

1

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's original complaint. See ECF No. 1. Plaintiff named the following defendants: (1) Thomas A. Ferrara, Sheriff at Solano County Sheriff's Office and (2) Carlos Gutierrez, Superior Court Judge at Solano County Superior Court. Id. The Court dismissed plaintiff's claims against Judge Gutierrez without leave to amend on September 9, 2019. See ECF No. 8; ECF No. 9 (findings and recommendations; order adopting findings and recommendations). Thus, this action proceeds on plaintiff's claims against Sheriff Ferrara only.

Plaintiff alleges he has osteoarthrosis in his neck, spine, and knees and therefore cannot walk without assistance from either a cane or a wheelchair. Plaintiff also claims to be legally blind and have neural bilateral hearing loss. Plaintiff claims that Sheriff Ferrara implemented a policy at the Solano County Jail for detainees to wear hand manacles, waist chains, and ankle chains for all pretrial court appearances.[1] See ECF No. 1, pg. 3. Plaintiff claims that he was forced to wear the restraints at all seven of his pretrial court appearances despite his disabilities and health issues. Plaintiff also claims he wore the restraints for upwards of eight hours at a time. Plaintiff alleges that the restraints aggravated his osteoarthrosis which caused him to suffer pain and soreness throughout his body for hours. Plaintiff also alleges that being forced to wear the restraints made him suffer from depression, intimidation, humiliation, dehumanization, disenfranchisement, and rage.

Plaintiff claims that defendant's policy violated his Fourteenth Amendment due process rights by using excessive force in violation of the Eighth Amendment.[2] Plaintiff seeks monetary damages. Plaintiff also seeks injunctive relief against the use of excessive restraints on pretrial detainees unless the detainee demonstrates a dangerous manner that is likely to present an actual or imminent threat of bodily harm or escape. Finally, plaintiff seeks to have his case certified as a class action that represents all pretrial detainees in Solano County.

---

[1] The Court previously erred in stating that plaintiff alleged Sheriff Ferrara was the officer who physically placed plaintiff in the hand manacles, waist chains, and ankle chains.
[2] Plaintiff's claim does not clearly establish whether plaintiff is attempting to allege both an Eighth Amendment excessive force violation and a Fourteenth Amendment violation or only a Fourteenth Amendment violation through the use of excessive force as defined by the Eighth Amendment.

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

///

///

1  In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

In his motion to dismiss, defendant Ferrara argues that plaintiff's claims fail to allege facts upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that plaintiff's claim fails on five grounds: (1) plaintiff cannot establish an Eighth Amendment cruel and unusual punishment claim against Ferrara because pretrial detainees are not prisoners and therefore not subject to the protections offered by the Eighth Amendment, (2) plaintiff has not established the necessary causal link between defendant Ferrara's actions and plaintiff's alleged constitutional violations, (3) Ferrara is entitled to qualified immunity, (4) plaintiff has failed to make the necessary showing to certify a class, and (5) plaintiff has failed to make the necessary showing to qualify for injunctive relief.

///
///
///
///
///

### A.   Eighth Amendment Excessive Force Claim

As mentioned above, plaintiff's complaint does not make clear whether plaintiff intends to bring an Eighth Amendment excessive force claim or a Fourteenth Amendment due process claim that uses "Eighth Amendment violations" as a synonym for excessive force. See ECF No. 1, p. 4. Insofar as plaintiff attempts to bring an Eighth Amendment excessive force claim, defendant is correct that such claim must be dismissed. Plaintiff's rights as a pretrial detainee are protected under the Fourteenth Amendment rather than the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). The Eighth Amendment does not confer rights to inmates until they are convicted and sentenced because pretrial detainees cannot be punished. See Kingsley v. Hendrickson, 576 U.S. 389, 400 (2015). Plaintiff was a pretrial detainee during the alleged events, and therefore did not receive Eighth Amendment protections.

### B.   Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In his motion to dismiss, defendant claims that plaintiff has not established a sufficient causal link between Ferrara's actions and plaintiff's alleged constitutional violations. Citing Fayle v. Stapley, 607 F.2d 858 (9th Cir. 1979), defendant argues that supervisory personnel are not liable for their employees' constitutional violations unless the causal link is specifically alleged. See ECF No. 15, pg. 5. Defendant claims that plaintiff has failed to allege a

causal link between Ferrara's personal actions and the fact that plaintiff was chained for over eight hours. Id. Defendant also claims that there is no indication that Ferrara's alleged policy had anything to do with plaintiff being chained for an extensive period of time. Id.

The Court finds the causal link between plaintiff's alleged constitutional violations and defendant's alleged conduct to be sufficient. Defendant is correct that plaintiff's claim should properly be assessed under a supervisory responsibility approach. Defendant is also correct that Ferrara cannot be held accountable for the individual actions of his subordinates. However, Ferrara can be held accountable for policies he implemented that violated constitutional rights. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Ferrara's direct participation is irrelevant so long as he implanted the policy at hand. Id.

Here, plaintiff alleges that Ferrara, as Sheriff of Solano County Jail, implemented the policy that all pretrial detainees wear restrictive devices during court appearances. See ECF No. 1; pgs. 3-4. Plaintiff claims that being forced to wear these restrictive devices during his pretrial court appearances violated his constitutional rights. Id. Ferrara's policy led plaintiff to wear the restrains for eight hours even if Ferrara did not specifically stipulate that plaintiff or detainees like plaintiff be made to wear the restraints for eight hours specifically. Thus, there is a sufficient causal link between Ferrara's alleged policies and plaintiff's alleged constitutional violations.

### C. **Qualified Immunity**

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In general, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). In ruling upon the issue of qualified immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. See Saucier v. Katz, 533 U.S. 194, 201 (2001). If a violation can be made out, the next step is to ask whether the right was clearly established. See id. This inquiry "must be undertaken in light of the specific

context of the case, not as a broad general proposition . . . ." Id.  "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense:  The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202 (citation omitted). Thus, the final step in the analysis is to determine whether a reasonable officer in similar circumstances would have thought his conduct violated the alleged right.  See id. at 205.

When identifying the right allegedly violated, the court must define the right more narrowly than the constitutional provision guaranteeing the right, but more broadly than the factual circumstances surrounding the alleged violation.  See Kelly v. Borg, 60 F.3d 664, 667 (9th Cir. 1995).  For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand [that] what [the official] is doing violates the right."  See Anderson v. Creighton, 483 U.S. 635, 640 (1987).  Ordinarily, once the court concludes that a right was clearly established, an officer is not entitled to qualified immunity because a reasonably competent public official is charged with knowing the law governing his conduct.  See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982).  However, even if the plaintiff has alleged a violation of a clearly established right, the government official is entitled to qualified immunity if he could have ". . . reasonably but mistakenly believed that his . . . conduct did not violate the right." Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir. 2001); see also Saucier, 533 U.S. at 205.

The first factors in the qualified immunity analysis involve purely legal questions. See Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996).  The third inquiry involves a legal determination based on a prior factual finding as to the reasonableness of the government official's conduct.  See Neely v. Feinstein, 50 F.3d 1502, 1509 (9th Cir. 1995).  The district court has discretion to determine which of the Saucier factors to analyze first.  See Pearson v. Callahan, 555 U.S. 223, 236 (2009).  In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff.  See Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

///

1.     Plaintiff's Suit for Injunctive Relief

Qualified immunity is only an immunity from suit for damages, it is not an immunity from suit for declaratory or injunctive relief. See L.A. Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir. 1993); Am. Fire, Theft & Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir. 1991). Defendant is correct that qualified immunity may protect him from a suit for damages. However, qualified immunity does not shield Ferrara from a suit for injunctive relief.

2.     Plaintiff's Suit for Damages

Here, plaintiff has failed to make the required showing that Ferrara's behavior violated a clearly established constitutional right. Plaintiff has the burden of pleading facts that show the constitutional right in question was clearly established at the time of the challenged conduct. See Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011); see also May v. Baldwin, 109 F.3d 557 (9th Cir. 1997). Plaintiff provides no previous cases establishing that pretrial detainees have a constitutional right not to be placed in restraints. Because plaintiff has not yet attempted to make the required showing, plaintiff should be given leave to amend to adequately address this issue.

**D.     Class Action**

The Court recognizes plaintiff attempts to certify his claim as a class action proceeding on behalf of all pretrial detainees in Solano County. See ECF No. 1, pg. 6. However, plaintiff cannot proceed on this ground because he is not authorized to pursue litigation on behalf of others. Courts prohibit pro se litigants from pursuing claims on behalf of others in a representative capacity. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Because plaintiff is proceeding pro se, he cannot proceed on a class action suit that represents all pretrial detainees in Solano County.

**E.     Injunctive Relief**

Defendant argues that plaintiff's claim for permanent injunctive relief is improper because plaintiff fails to allege facts to show success on the merits, irreparable injury, or the unavailability of remedies at law.  Defendant's argument is unpersuasive because the elements defendant cites relate to the availability of preliminary injunctive relief.  Whether plaintiff is

8

entitled to a permanent injunction is an issue of remedies to be determined following a trial on the merits.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion to dismiss (ECF No. 17) be granted;

2. Plaintiff's Eighth Amendment excessive force claim be dismissed without leave to amend;

3. Plaintiff's Fourteenth Amendment claim against defendant be dismissed with leave to amend; and

4. Plaintiff be directed to file a first amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 29, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE